**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-02910-DDD

JORGE TORRES HERNANDEZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of DHS;
CHARLES WALL, Deputy Director of ICE; and
JUAN BALTAZAR, Warden of Aurora Detention Center,

Respondents.[1]

---

## ORDER DENYING WRIT OF HABEAS CORPUS

---

This matter is before the Court on the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. The respondents were ordered to show cause why the petition should not be granted. Doc. 4. On July 30, 2026, the respondents filed a response. Doc. 12. On August 17, 2026, the petitioner filed a reply. Doc. 14. For the reasons stated below, the petition is denied.

## BACKGROUND[2]

The petitioner, a native and citizen of Cuba, is confined at an immigration detention facility in Aurora, Colorado. Doc. 1 at 5. He entered

---

[1] To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2] In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

the United States "on or about 1994" and "was paroled the same date." *Id.*

On May 26, 2009, the U.S. Department of Homeland Security served the petitioner with a Notice to Appear and initiated removal proceedings against him. Doc. 12-1 at 2. On October 29, 2009, an immigration judge ordered the petitioner in absentia be removed to Cuba. *Id.*; Doc. 12-2 at 1. There is no evidence that the petitioner appealed the removal order or filed a motion to reopen the removal proceedings. The removal order therefore became administratively final and remains outstanding. Doc. 12-1 at 2. U.S. Immigration and Customs Enforcement placed the petitioner on an Order of Supervision on September 23, 2023. *Id.*

On or about May 4, 2026, the petitioner was arrested in Miami, Florida on charges of third-degree grand theft and petty theft. Doc. 1-1 at 4. ICE issued an immigration detainer on May 5, 2026, citing the petitioner's outstanding final removal order. Doc. 1-1 at 7-8. On May 12, 2026, ICE issued a Notice of Revocation of Release and arrested and detained the petitioner. Doc. 12-1 at 3; Doc. 12-3 at 1-2. ICE also served the petitioner with a Notice of Imminent Removal under 8 C.F.R. § 241.4(g)(4). Doc. 1-1 at 10.

On May 13, 2026, ICE served the petitioner with the Notice of Revocation of Release, which he acknowledged and signed. Doc. 12-3 at 1-2. That same day, ICE conducted an Alien Informal Interview Upon Revocation of Order of Supervision. Doc. 12-3 at 3. ICE also served the petitioner with a Notice to Alien of File Custody Review on May 27, 2026, advising him that it would review his custody status on or about June 9, 2026, and that he could submit documents supporting release. Doc. 1-1 at 12.

On June 10, 2026, ICE presented the petitioner with a Notice of Removal indicating its intent to remove him to Mexico. Doc. 12-1 at 3;

Doc. 12-4 at 1. The petitioner refused to sign this form. Doc. 12-1 at 3; Doc. 12-4 at 1. ICE then served the petitioner with a Notice of Failure to Comply pursuant to 8 C.F.R. § 241.4(g), advising him that he would remain in custody until he cooperated with ICE's efforts to remove him. Doc. 12-1 at 4; Doc. 1-1 at 16-18.

On June 24, 2026, ICE again presented the petitioner with a Notice of Removal indicating its intent to remove him to Mexico. Doc. 12-1 at 4; Doc. 12-4 at 2. The petitioner again refused to sign this form. Doc. 12-1 at 4; Doc. 12-4 at 2. The petitioner asserts that he did not sign the Notices of Removal because they are written in English rather than his native language of Spanish, and he has concerns regarding his legal status in Mexico if he is removed there. Doc. 14 at 2.

ICE continues to pursue petitioner's removal to Mexico and asserts that the government of Mexico will accept petitioner for removal. Doc. 12-1 at 4.

The petitioner contends that he is being unlawfully detained in violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the INA's governing regulations, and that he cannot be removed to Mexico because his removal order states that he is to be removed to Cuba. Doc. 1 at 5, 7. The petitioner seeks immediate release and an order preventing the respondents from transferring him outside this Court's jurisdiction while the petition is pending. *Id.* at 10.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also*

*McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

### I. Claim for Violation of the INA

Because he is subject to a final removal order, the petitioner's detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days," a period referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). During that period, DHS "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2).

After the removal period expires, Section 1231(a)(6) authorizes the continued detention of certain noncitizens, including those "removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)" or those "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578-79 (2022).

The petitioner was ordered removed in absentia, and ICE revoked his release because of his arrest for third-degree grand theft and petty theft, which violated a condition of release. Doc. 12-1 at 3. The petitioner's detention is therefore authorized under Section 1231(a)(6).

Section 1231 further provides that the removal period "shall be extended" when a noncitizen "acts to prevent the alien's removal subject

to an order of removal." 8 U.S.C. § 1231(a)(1)(C). In those circumstances, the noncitizen "may remain in detention during such extended period." *Id.*

ICE is pursuing petitioner's removal to Mexico, but the petitioner has refused to sign the Notices of Removal. Doc. 12-1 at 3-4. ICE accordingly notified the petitioner that his refusal to cooperate with efforts to remove him extended the removal period under Section 1231(a)(1)(C). Doc. 1-1 at 16-17. The petitioner's detention is therefore also authorized under Section 1231(a)(1)(C).

Because the petitioner's detention is authorized under Section 1231, there is no merit to his claim that he is being unlawfully detained in violation of the INA.

## II. Fifth Amendment Due Process Claim

In *Zadvydas v. Davis*, the Supreme Court construed Section 1231(a)(6) to authorize detention only for "a period reasonably necessary to bring about th[e] alien's removal" and recognized six months as a presumptively reasonably period of post-removal-order detention. 533 U.S. at 699-701. The Supreme Court further directed that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699.

The petitioner has been detained since May 12, 2026, which is less than six months. Additionally, even if the petition is not premature, his failure to cooperate with removal efforts precludes him from showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701; *see, e.g.*, *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) ("specter of indefinite detention" not raised where "[t]he main reason [a noncitizen] still remains in the United States is his . . . refusal to cooperate with ICE

officials in obtaining . . . necessary travel documents"); *Sainz v. Valdez*, No. 1:26-cv-02428-DDD, slip op. at 6-7 (D. Colo. July 23, 2026), ECF No. 19 ("[R]egardless of whether the petitioner is still within the presumptively reasonable period of detention, his failure to cooperate with ICE's efforts to remove him to Mexico is fatal to his *Zadvydas* claim." (collecting cases)); *accord Villegas Cardenas v. Venturella*, No. 1:26-cv-00475-GPG, slip op. at 7 (D. Colo. July 16, 2026), ECF No. 30. The respondents have also adequately rebutted any such showing with proof of notice to the petitioner that ICE possessed a travel document to effect his removal and a sworn statement that the government of Mexico will accept the petitioner. Doc. 1-1 at 10; Doc. 12-1 at 4; *see Zadvydas*, 533 U.S. at 701 ("[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

The petitioner's detention therefore does not violate the Due Process Clause of the Fifth Amendment.

**III. Claim for Violation of the INA's Regulations**

ICE may revoke the release of a noncitizen subject to a final removal order when, in the opinion of the revoking official, "[t]he alien violates any condition of release," "[i]t is appropriate to enforce a removal order," or "the conduct of the alien, or any other circumstance, indicates that release is no longer appropriate." 8 C.F.R. § 241.4(l)(2)(ii)-(iv). Revocation of release is a matter of agency discretion. 8 C.F.R. § 241.4(l)(2). Upon revocation of release, ICE must notify the noncitizen of the reasons for the revocation and conduct an "initial informal interview promptly after his or her return to Service custody" to provide an opportunity for the noncitizen to respond. 8 C.F.R. § 241.4(l)(1).

ICE complied with the regulatory requirements here. On May 13, 2026, ICE served the petitioner with a Notice of Revocation of Release, which stated that his release was being revoked because he violated a condition of his release by committing a crime. Doc. 12-3 at 1-2. The petitioner acknowledged and signed the Notice. *Id.* That same day, ICE conducted an Alien Informal Interview Upon Revocation of Order of Supervision. *Id.* at 3. The petitioner had the opportunity to submit information supporting his release but did not do so. Doc. 12-1 at 3. Thus, the evidence shows that ICE provided petitioner with a reason for returning him to custody and gave him an opportunity to respond. The petitioner has failed to show that anything more was required under the governing regulations. *See also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks omitted)); *cf. Jefremovs v. Baltazar*, No. 1:26-cv-00530-DDD-KAS, slip op. at 10-12 (D. Colo. July 10, 2026), ECF No. 20 (release was not appropriate remedy for regulatory violations, but respondents ordered to provide 8 C.F.R. § 241.4(l)(1) informal interview where one had not been conducted).

In his reply, the petitioner states that he "is not questioning ICE's authority to revoke the release of a non-citizen subject to a final Removal Order," but he "is challenging the validity of the person who signed the revocation of release as an authorized official to sign such document." Doc. 14 at 3. The petitioner fails to provide any argument in support of this challenge to the revoking officer's authority, and it is not the proper function of this Court to act as the petitioner's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The petitioner has therefore failed to show that the revocation of his release failed to comply with the INA's governing regulations.

### IV. Claim Regarding Removal to a Third Country

The petitioner asserts that he should not be removed to Mexico or any other third country unless an immigration judge first reviews his removal order, which states that the petitioner shall be removed to Cuba. Doc. 1 at 7; Doc 12-2 at 1. The INA, however, governs the countries to which noncitizens subject to a final removal order may be removed. Specifically, 8 U.S.C. § 1231(b)(2)(E) provides that if a noncitizen is not removed to a country designated by him or of which he is a national or citizen, then he must be removed to a country to which he has any of six specified lesser connections, and if it is "impracticable, inadvisable, or impossible to remove" him to those countries, then he must be removed to another country whose government will accept him. *See* 8 U.S.C. § 1231(b)(2)(A)-(E); *Jama v. ICE*, 543 U.S. 335, 338-41 (2005); *Jefremovs*, slip op. at 8-9.

The petitioner remains subject to a final order directing his removal to Cuba. Doc. 12-2 at 1. ICE is pursuing removal to Mexico pursuant to Section 1231(b)(2)(E)(vii) after determining that it would be "impracticable, inadvisable, or impossible" to remove the petitioner to Cuba, and no other country has been identified that fits the description of Sections 1231(b)(2)(E)(i)-(vi). Doc. 12 at 10-11.

The petitioner has not cited any authority requiring ICE to reopen his removal proceedings or obtain an amended order of removal before following the country-selection process prescribed by Section 1231(b)(2). The petitioner has failed to show that his removal to Mexico would be unlawful.[3]

---

[3] The Court need not address the respondents' unsettled alternative argument that petitioner's objection to removal to Mexico is not a cognizable habeas claim under Section 2241. *Compare Velasquez Jimenez v. Mullin,* No. EDCV 26-356-AGR, 2026 WL 1455385, at *8 (C.D. Cal.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 4, is **DISCHARGED**, and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**; and

The Clerk of Court is **DIRECTED** to enter final judgment and close this case.

BY THE COURT:

Daniel D. Domenico
United States District Judge

May 18, 2026) (rejecting argument that habeas petition is not proper vehicle to challenge third-country removal), *with Rodriguez v. Warden Ste. Genevieve Cnty, Det, Ctr.*, No. 1:26-cv-0165-SNLJ, 2026 WL 2122670, at *2 (E.D. Mo. July 23, 2026) (writ of habeas corpus not proper vehicle for claim seeking to enjoin removal to third country).